> Decree affirmed, and appeal dismissed at the costs of appellant.

---

APPEAL OF HENRY K. FOX.

APPEAL OF G. W. SMYTH AND W. W. KER.

[ESTATE OF DAVID RENTSCHLER, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued April 2, 1889—Decided April 15, 1889.

If, in the settlement of their accounts of the decedent's estate, disputes arise between co-executors about matters which concern them individually, and separate counsel are employed and a number of accounts prepared before the difficulties are determined, it is not error to award

to the counsel but a part of their compensation out of the estate, without prejudice to their rights to recover the balance from the executors individually.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 174 and 181 January Term 1889, Sup. Ct.; court below, No. 226 April Term 1887, O. C.

On May 14, 1887, upon petition filed, a citation issued directed to John D., George and Charles Rentschler, executors of the will of David Rentschler, deceased, to settle their account. On June 25, 1888, the account of John D. Rentschler, executor, was filed, and on August 27, 1888, that of George and Charles Rentschler, executors.

At the adjudication of said accounts, before PENROSE, J., on October 22, 1888, it appeared that David Rentschler had died in 1877, leaving personal property to the amount of $25,000, chiefly in mortgages, and real estate consisting of 56 houses of the estimated value of $120,000. The rentals of the real estate, for the ten years preceding the filing of the accounts, amounted to over $74,000, and the income from the mortgages and reinvestments to about $11,000. No accounts had ever been filed.

When called upon to settle their accounts, serious controversies arose between the executors. These difficulties, protracted for a long period, related mostly to matters concerning the individual accounts of the executors with each other. In their adjustment, Mr. G. W. Smyth and Mr. W. W. Ker represented, professionally, John D. Rentschler, executor; George and Charles Rentschler, the other executors, were represented professionally by Mr. Henry K. Fox.

Claims were made before the auditing judge for compensation to counsel out of the estate,—to Mr. Fox, $1,000; to Messrs. Smyth and Ker, $2,000. That the services were of the value of the amounts claimed was not disputed, but objection was made to the payment for them out of the estate.

The auditing judge, finding the facts in his report, concluded:

The question, however, is not solely as to the value of services rendered by counsel, but, also, how far such services

were required for the mere purposes of the settlement of the estate, outside of personal considerations affecting only the executors, and how far, therefore, compensation should come from the estate and not from the executors individually. The fact cannot be overlooked, in the present case, that the want of harmony between the executors and the disputes between them with regard to matters which concerned them simply as individuals, had much to do with the difficulties experienced by counsel in the settlement of their accounts as executors, and that it was for that reason alone that several counsel were employed, instead, as would otherwise have been the case, of but one. It would be doing manifest injustice to the eight other persons, interested as distributees in the estate, to throw upon them an undue share of the expenses thus occasioned. In the opinion of the auditing judge, the sum of $500 is as much as can be charged against the estate for the services of Mr. Fox; for anything beyond that the persons by whom he was employed must be looked to individually.

What has been said with regard to the claim of Mr. Fox applies equally to that presented by Messrs. Ker and Smyth. These gentlemen were counsel for John D. Rentschler, for whom, as executor, they filed a separate account, by the adjudication of which, as the assets of the estate were in the hands of the other two executors, the question of allowance to his counsel was deferred until the adjudication of the present account. Mr. Ker, besides acting with Mr. Smyth for John D. Rentschler, was counsel for Gottlieb, another brother, at whose instance the citation for an account was issued. Their employment began about February or March, 1887, and has continued until the present time. Their services were much the same character as those rendered by Mr. Fox, except that the account which they stated for John covered a period of five years only. The sum suggested by Mr. Ker as compensation was $2,000. As against the estate, however, for the reasons given in considering the claim of Mr. Fox, not more than $550 can be allowed, the additional fifty dollars being for services rendered in filing the account and attending on behalf of the executor, as such, before the auditing judge. This reduction is without prejudice to the claim against the clients individually for so much of the services as may not be compensated by the sum now allowed.

Opinion of the Court.

Both Henry K. Fox and Messrs. Smyth and Ker filed exceptions to the adjudication, alleging that the auditing judge erred in not allowing to them the full amount of their claims. The exceptions having been dismissed by the court in banc, Henry K. Fox took the appeal No. 174 January Term 1889, specifying that the court erred in allowing him only $500 and in not allowing him the full amount of $1,000 claimed by him. George W. Smyth and W. W. Ker took the appeal No. 181 January Term 1889, specifying that the court erred in allowing them only $550 and in not allowing them $2,000 claimed by them.

*Mr. Edward H. Weil,* for Henry K. Fox, appellant.

*Mr. Lewis C. Cassidy,* for Messrs. Smyth and Ker, appellants.

*Mr. Abraham M. Beitler* and *Mr. George Peirce,* for appellees.

FOX'S APPEAL.

PER CURIAM:

It was practically conceded that the professional services rendered by appellant at the request of the executors, were worth fully as much as he claimed, but it was contended that a considerable portion of those services were for the personal benefit of the executors themselves, and therefore not properly chargeable to the estate. There was evidence tending to prove that fact, and the learned auditing judge undertook to determine what proportion thereof should be charged to the estate; and, having done so, that amount was allowed without prejudice to appellant's claim against the executors individually for services rendered for their personal benefit. The facts were found by the auditing judge and approved by the court. There has been nothing shown to justify us in reversing, either as to the findings of fact, clearly stated in the opinion of the learned auditing judge, or the conclusions drawn therefrom. On the contrary, for reasons there given at length the decree should be affirmed.

Decree affirmed and appeal dismissed at the costs of appellant.

SMYTH AND KER'S APPEAL.

PER CURIAM:

This case was argued with No. 174 of the same term, and

involves substantially the same question. For reasons suggested in the opinion just filed in that case, and fully elaborated in the opinion of the learned auditing judge of the court below, there appears to be nothing that would justify us in disturbing the decree.

> Decree affirmed and appeal dismissed at the costs of appellants.